## FIRST NAT. BANK OF SOUTH BEND v. KELSO.

### No. 15,816; May 25, 1895.

#### 40 Pac. 427.

**Appeal.—An Assignment of Error, on Motion for a New Trial,** that the "evidence is insufficient to justify the third finding of fact, in that there is no evidence to show that there is due and owing plaintiff" a certain sum, is insufficient to question on appeal the sufficiency of the evidence to sustain such finding that no part of the principal has been paid except a certain sum.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by the First National Bank of South Bend against John. Kelso. There was a judgment for plaintiff, and, on defendant's motion for a new trial being denied, he appeals. Affirmed.

Edward L. Foster for appellant; Reel B. Perry for respondent.

PER CURIAM.—Action on a promissory note for the sum of $2,000, besides interest, dated April 1, 1893, payable three months after date, executed by appellant in favor of the respondent. The complaint was filed October 12, 1893, and contained, among other allegations, an averment to the effect that no part of the principal sum or the interest mentioned in the note had been paid. This allegation was denied in the answer, and the defendant also pleaded that the time of payment had been extended by written agreement of the parties. It appears from the bill of exceptions that the controverted fact at the trial was whether the plaintiff had given to the defendant the extension of time pleaded by him in his answer. The court found in favor of the plaintiff, and rendered judgment in his favor. The defendant moved for a new trial, which was denied, and he has appealed.

One of the grounds urged in the motion for a new trial is the insufficiency of evidence to sustain the decision of the court, and the specification of this insufficiency is as follows: "The evidence is insufficient to justify the third finding of

fact, in that there is not sufficient evidence to show that there is due and owing plaintiff from defendant the sum of $2,000, together with interest thereon from July 1, 1893, at the rate of ten per cent per annum." The third finding of fact is as follows: "That no part of the principal sum of said note, or of the interest thereon, has ever been paid, save and except the sum of fifty dollars on account of interest; and that there is due and owing plaintiff from defendant the sum of $2,000, together with interest thereon from July 1, 1893, at the rate of ten per cent per annum." Upon the appeal herein counsel for the appellant makes no other contention than that there was no evidence in support of the finding of the court that the note had not been paid. The appellant did not, however, in the bill of exceptions, specify this as one of the particulars in which the evidence was insufficient to justify the decision, and for that reason he cannot now be heard in support of his contention. The assignment of error is limited to the latter part of the third finding, and does not question that portion thereof which finds, "that no part of the principal sum of said note, or of the interest thereon, has ever been paid, save and except the sum of fifty dollars on account of interest." The judgment and order are affirmed.